# JOHN BRADLEY v. CITY OF PITTSBURGH.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1889—Decided November 11, 1889.

1. Under the second proviso of § 9, act of March 22, 1877, P. L. 16, a city of the second class is not liable for the sheriff's and prothonotary's fees, in proceedings to enforce by lien a municipal claim for taxes, etc., so long as the lien is in full force and the property unsold thereon.
2. The matter of the costs of collection is properly included in the matter of "collection;" wherefore the proviso, so far as relating to the payment of the taxable costs of such a proceeding, is not unconstitutional on the ground that the subject is not indicated in the title of the act.

Opinion of Court below.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 193 October Term 1889, Sup. Ct.; court below, No. 764 June Term 1889, C. P. No 1.

On July 3, 1889, a case stated was submitted, in which John Bradley, prothonotary, etc., was plaintiff, and the city of Pittsburgh was defendant, showing:

That the city of Pittsburgh, a city of the second class, on September 15, 1883, filed a municipal claim, under § 9, act of March 22, 1877, P. L. 16, against John Morrow, for taxes against certain property in the 6th ward; that on February 10, 1885, a scire facias was issued upon said claim, and on March 13, 1885, judgment was duly entered thereon in favor of the city, for $103.32, but no further proceedings had been taken to collect said claim; that the fees of the prothonotary and sheriff for services in the proceeding were taxed at the sum of $8; to wit: prothonotary, $5.50; sheriff, $2.50; and no part of said fees had ever been paid. If the court should be of the opinion that the city of Pittsburgh was liable for the payment of said fees, judgment was to be entered for the plaintiff for $8; but if not, judgment was to be entered for the defendant; the right to a writ of error reserved.

After argument, the court, SLAGLE, J., filed the following opinion:

It appears by the statement filed, that the plaintiff is prothonotary of Allegheny county, and as such performed services in a certain lien filed by the collector of delinquent taxes, in the name of the city, against the property of John Morrow, at No. 36 December Term 1883; that a scire facias was issued February 10, 1885, upon which judgment was entered on March 13, 1885, and no further proceedings had since. The plaintiff demanded payment of his fees, which was refused.

In Musser v. Good, 11 S. & R. 247, Judge GIBSON says: "Originally, I apprehend, fees were strictly demandable the instant at which the services were rendered, but an uninterrupted course of indulgence at length ripened into a custom which has received the sanction of judicial decision, that the party for whose benefit they were rendered should not be

called upon to pay them till after the determination of the cause."
In the case referred to, Lyon v. McManus, 4 Binn. 167, Judge
TILGHMAN says: "Fees are given to the prothonotary by act
of assembly, but the act does not say at what time these fees
shall be payable." The intimation is that if the act had pre-
scribed the time of payment it would have been conclusive of
this right; and in the absence of such provision he holds that
it must be governed by custom, which fixed the time of pay-
ment at the end of the suit, which Judge YEATES says is "in
case they could not be procured from the defendant, as in an
action marked 'not to be brought forward,' when it was not
brought upon the docket again in the course of a year, or when
judgment had been obtained against a defendant who had been
discharged under the acts of insolvency." In the subsequent
case of Harris v. Christian, 10 Pa. 233, the court held that the
fees of an alderman were earned when the suits were termin-
ated on the rendition of the several judgments.

These cases recognize that the right to fees is statutory as to
amount and time of payment. And the right to so regulate
them has been exercised by the legislature in the acts prescrib-
ing fees, and providing that no officer shall charge for any ser-
vice other than those expressly provided for: Section 15, act
of February 22, 1821, 7 Sm. L. 378; ·§ 9, act of April 11, 1850,
P. L. 452; § 12, act of June 12, 1878, P. L. 194.

Judgment having been entered in this case, the plaintiff
would be entitled to demand payment, unless the right is quali-
fied by act of assembly. The defendant claims that such quali-
fication is found in the act of March 22, 1877, P. L. 16 (Pittsb.
Dig. 274). The ninth section of the act authorizes the collec-
tor to sell personal property after thirty days, and "the real
estate of any owner, where the taxes or water rents remain un-
paid for six months," and directs that he procure a description
of the property and "file liens therefor in the office of the pro-
thonotary;" and then provides: "That in all cases of sale for
taxes or water rents, the city controller is hereby authorized
and directed to bid on the property a sum sufficient to pay the
city's lien for all taxes and water rents due and unpaid under
this act, and in case of purchase the property shall be subject
to redemption, and in all such cases neither the collector nor the
city shall be liable for the payment of the sheriff's or prothon-

otary's costs, until the claim of the city and the costs shall be realized out of the real estate so bought in and held for the use of the city."

Counsel for plaintiff contends that this provision is limited to the cases specified in the proviso, to wit, a sale and purchase by the controller. If this were so, it would be absolutely nugatory. As soon as judgment had been obtained the officers could demand payment of their fees before the city had an opportunity to bid in the property, or to ascertain if such course would be necessary because of the want of other bidders. It would thus be within the power of the officers to nullify the provision of the act by compelling payment before it could come into operation. Such effect can be avoided by referring this provision to the entire section, instead of limiting it to the proviso, and holding that "all such cases" apply to all proceedings mentioned. This does no violence to the language and gives full effect to the apparent intention of the legislature. As to the justice of such legislation we have nothing to do, but when properly considered it may be fully justified. Since the act of 1877 it is a question between the city and county, two municipal corporations, both the creatures of the legislature, each serving the public, and each looking to the proper realization of its claims.

It is contended, also, that the act of assembly is void, so far as it relates to costs, because the subject is not indicated by the title. The title is "An Act in relation to cities of the second class, providing for the levy, collection and disbursement of taxes and water rents." The collection of taxes is thus distinctly stated and the costs of such collection is certainly pertinent and properly included in that subject. "If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary:" Allegheny County Home's App., 77 Pa. 80. The title to this act was considered in Kilgore v. Magee, 85 Pa. 401, in reference to its application to the central board of education, and, though the Supreme Court does not refer to the question, it must have regarded the title sufficient to cover legislation affecting that corporation.

Whether or not the city can ever be compelled to pay the fees and costs in cases of liens filed for taxes, need not be de-

cided. In this case the lien is in full force; under the act of assembly there is no liability to pay at present, and therefore judgment must be entered for defendant.

Judgment having been entered for the defendant, the plaintiff took this appeal. The specifications of error, however, did not appear in the paper-books.

*Mr. R. B. Petty*, for the appellant.

Upon the right of plaintiff to recover, generally, counsel cited: Musser v. Good, 11 S. & R. 247; Lyon v. McManus, 4 Binn. 167; Harris v. Christian, 10 Pa. 233; Moore v. Porter, 13 S. & R. 100; Banks v. Juniata Bank, 16 S. & R. 155; Watson v. Smith, 26 Pa. 397; Bradbury v. Wagenhorst, 54 Pa. 180; East Union Tp. v. Ryan, 86 Pa. 459. As to the unconstitutionality of the second proviso of § 9 of the act of 1877: Phœnixville Bor. Road, 109 Pa. 44; McCarthy v. Commonwealth, 110 Pa. 243; Morrison v. Bachert, 112 Pa. 322; Scranton City v. Silkman, 113 Pa. 191; Scranton Sch. D.'s App., 113 Pa. 176; Ayars's App., 122 Pa. 266; Philadelphia v. Haddington Church, 115 Pa. 291; Meadville City v. Dickson, 129 Pa. 1.

*Mr. W. C. Moreland*, City Solicitor, for the appellee.

Counsel cited: Allegheny Co. Home's App., 77 Pa. 80; Kilgore v. Magee, 85 Pa. 401; Speer v. School Dir., 50 Pa. 151; Penna. R. Co. v. Riblet, 66 Pa. 169; Commonwealth v. Wolfe, 99 Pa. 540; Hilbish v. Catherman, 64 Pa. 154; Dewhurst v. Allegheny, 95 Pa. 442; Dorsey's App., 72 Pa. 192; Yeager v. Weaver, 64 Pa. 425; Phœnixville Bor. Road, 109 Pa. 48; State Line & Juniata R. Co.'s App., 77 Pa. 429; Esling's App., 89 Pa. 209; Myers v. Commonwealth, 110 Pa. 225; Pottstown Borough, 117 Pa. 538; Ridge Ave. Ry. Co. v. Philadelphia, 124 Pa. 219; Wheeler v. Philadelphia, 77 Pa. 338; Kitty Roup's Case, 81* Pa. 211; Reading City v. Savage, 120 Pa. 198; McCarthy v. Commonwealth, 110 Pa. 246; Weinman v. Railway Co., 118 Pa. 192; Ayars's App., 122 Pa. 278.

PER CURIAM:

This judgment is affirmed, upon the opinion of the learned judge of the court below.

　　　　　　　　　　　　　　　　Judgment affirmed.